THE GRASSELLI CHEMICAL COMPANY *v.* IRELAN.

Opinion delivered April 3, 1916.

FRAUDULENT CONVEYANCES—HUSBAND TO WIFE—RIGHT OF CREDITORS.— Where a wife accepts a deed to her husband's property, giving nothing therefor, she can not hold it against her husband's creditors, who extended credit on the faith of his ownership.

Appeal from Benton Chancery Court; *T. H. Humphreys,* Chancellor; reversed.

The appellant, *pro se.*

The evidence shows that plaintiff was an existing creditor of the husband at the time of the voluntary transfer to his wife. The transfer was fraudulent and void as to creditors. 80 Va. 423; 20 Ala. 732; 29 Pac. 151; 87 Ill. 393; 64 Ala. 403; 119 Ga. 793; 47 S. E. 332; 64 W. Va. 522; 16 Ann. Cases 1031; 20 Cyc. 421; 113 Ark. 100; Kirby's Digest § 6137; *Ib.* 3095; 77 Ark. 433; 97 *Id.* 11; 107 *Id.* 153; 45 *Id.* 520; 14 *Id.* 69; 33 *Id.* 328; 56 *Id.* 69; 108 *Id.* 106; 86 *Id.* 225.

*W. N. Ivie,* for appellee.

Appellant was not a creditor at the time of the transfer. The court so found and the evidence supports the finding. There was no evidence that the conveyance was made with intent to defraud appellant as a subsequent creditor. 8 Ark. 470; 56 *Id.* 253; 56 *Id.* 73; 38 *Id.* 419;

42 *Id.* 170; 96 *Id.* 531; 66 *Id.* 98; 30 L. R. A. (N. S.) 1; 15 *Id.* 484; 26 Ark. 20.

McCULLOCH, C. J.   The Grasselli Chemical Company, a corporation domiciled in the State of Ohio was engaged in the business of manufacturing and selling certain spraying products and on December 16, 1911, entered into a contract with A. M. Irelan of Benton County, Arkansas, for the sale to the latter of a line of said products upon orders to be sent in from time to time. Irelan owned a farm consisting of 80 acres of land in Benton County of about the value of $12,000, which was encumbered to about the sum of $8,000.   He also owned an urban homestead.   Orders for shipments of the product were sent in by Irelan which were filled by the seller aggregating in price the sum of $1,338.95, none of which was ever paid.   The orders were filled from February 17, 1912, to June 5, 1912.   In the meantime the seller made inquiry through commercial agencies as to the moral and financial standing and worth of Irelan and received reports to the effect that the latter owned the aforementioned lands and that he was worthy of credit.

On February 13, 1912, Irelan executed a deed of gift to his wife Waitie Irelan conveying said land to her. The deed recited the consideration to be "love and affection" and the payment of $1.00.   The deed was filed for record on August 24, 1912, and was then duly recorded. The seller (the Grasselli Chemical Company) sued A. M. Irelan at law for recovery of said sum in September 1912, and obtained judgment against him.   This action was subsequently instituted in the chancery court of Benton County against Irelan and his wife to cancel said conveyances and to have said lands (except the homestead) subjected to the payment of plaintiff's judgment debt.

It is stipulated in the agreed statement of facts that "at the time of the conveyance of the land aforesaid, A. M. Irelan, had not sufficient property left subject to execution from which the amount of plaintiff's judgment

could have been made; that at the time suit was commenced defendant was and is wholly insolvent and has no property from which plaintiff's judgment can be made.''

The facts herein set forth are not in dispute. Each of the defendants testified that said conveyance was executed in good faith and without any intention to defraud creditors; and that the deed was not withheld from record for any fraudulent purpose. Mrs. Irelan testified that she had no information that her husband had any unsecured debts; and A. M. Irelan testified that at the time he executed said conveyance to his wife he did not owe the plaintiff anything and did not owe any other unsecured debts.

The chancellor dismissed the complaint for want of equity and the plaintiff appealed.

However innocent the defendant may have been of any actual intention to defraud creditors, the necessary effect of the conveyance was to hinder the collection of debts about to be incurred. It constituted a legal fraud. A. M. Irelan had entered into a contract which contemplated immediate purchases from the plaintiff on credit, and those purchases were in fact made and credit was extended on the faith of the purchaser's ownership of the land in controversy. The plaintiff had no notice of the conveyance, actual or constructive, at the time it extended the credit, and the withholding of the deed from record, whether by evil design or inadvertence, operated as a legal fraud on plaintiff's rights.

The effect of withholding the deed from record was to leave the title, apparently, in the original owner, which formed the basis of credit and deceived the plaintiff. The case comes within the rule that where the wife permits the husband to handle her property as his own and obtains credit on the faith of his ownership, she can not assert a claim to it against the rights of such creditors. *Driggs & Co. Bank* v. *Norwood,* 50 Ark. 42. Moreover, Mrs. Irelan was not an innocent purchaser for value. She paid nothing for the property and can not hold it against

creditors of her husband who extended credit on the faith of his ownership. Each of the defendants disclaim any design to defraud creditors but the circumstances of the case lead irresistibly to the conclusion that A. M. Irelan, by the conveyance to his wife, denuded himself of all of his property in contemplation of immediately becoming indebted to the plaintiff. He sent in his first order to plaintiff just four days after he executed the conveyance and the orders continued throughout a period of about three and a half months until he became indebted to plaintiff in the sum of $1,338.95 without paying anything at all.

The decree is reversed and the cause is remanded with directions to enter a decree canceling said conveyance and subjecting said land to the payment of plaintiff's judgment.